# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

CHICO BLICK : 

    Petitioner :

    v. : Civil Action No. WDQ-12-3244
        Criminal Action No. WDQ-05-310

UNITED STATES OF AMERICA :

    Respondent

## MEMORANDUM

Chico Blick ("Blick") has filed a Motion to Vacate, Set Aside or Correct Sentence. ECF No. 22. The government has filed a response, raising the one-year limitations period as an affirmative defense (ECF No. 27) and Blick has filed a Reply. ECF No. 29. Additionally, Blick has filed a Motion to Supplement Pleading (ECF No. 30) which shall be granted. After review of the pleadings and applicable law, the Court will dismiss the Motion as untimely.

## PROCEDURAL HISTORY

On September 15, 2005, Blick pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On December 19, 2005, he was sentenced to 188 months of incarceration and four years of supervised release. Blick's sentence was based, in part, upon the Court's conclusion that Blick was an Armed Career Criminal within the meaning of U.S.S.G. §4B1.4. Blick did not appeal his conviction or sentence. The instant Motion was filed on October 29, 2012, the date Blick delivered it to prison officials for mailing.[1]

---

[1] *See Houston v. Lack*, 487 U.S. 266 (1988); *United States v. Dorsey*, 988 F. Supp. 917, 919-920 (D. Md. 1998); *see also* Rule 3(d), "Rules Governing § 2255 Proceedings" (prisoner habeas petitions are deemed filed when delivered to prison officials for mailing to the court).

## DISCUSSION

Petitions filed under 28 U.S.C. §2255 must be filed within one year of the date the judgment of conviction becomes final.[2] *See* 28 U.S.C. § 2255(f). If no appeal is noted, the conviction becomes final when his opportunity to appeal expires. *See Clay v. United States*, 537 U.S. 522, 524–25, 532 (2003). Blick's judgment became final ten days after sentencing when the time for filing his appeal elapsed.[3] Consequently, the one-year limitations period started to run on December 29, 2005, and expired one year later on December 29, 2006. Under these facts, Blick filed his Motion more than five years outside the limitations period.

Blick's argument, as amended, is that his Motion should be considered timely because decisions rendered in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) and *Alleyne v. United States*, 133 S.Ct. 2151 (July 17, 2013), triggered the filing period. *See* 28 U.S.C. § 2255(f)(3) (allowing the limitations period to start on the date the Supreme Court initially recognized the specific right if that right retroactively applies to § 2255 proceedings).

Assuming *Simmons*, decided on August 17, 2011, reset the running of the one year statute

---

[2] Section 28 U.S.C. §2255(f) provides:
   A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
   (1) the date on which the judgment of conviction becomes final;
   (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
   (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

[3] *See* Fed. R. App. P. 4(b)(1)(A) (former version, granting 10 days from judgment to file notice of appeal); Fed. R.App. P. 26(a) (former version, excluding weekend days and holidays from computation of time periods of 11 days or less and providing that a time period ending on a weekend day or holiday would conclude on next day that was not a weekend or holiday).

of limitations, in order to be timely, a motion relying on *Simmons* would need to be filed by August 16, 2012. The instant motion was filed over two months thereafter.

Moreover, the decision in *Simmons* offers Blick no relief. *Simmons* prohibits the government from relying on hypothetical enhancements or aggravating factors in determining whether a defendant's prior conviction carried a sufficient maximum term of imprisonment to qualify as a predicate "felony drug conviction" under the Controlled Substances Act. *Id.* at 243-245. "Hypotheticals" played no role in this Court's conclusion that Blick was an Armed Career Criminal. To the contrary, each of Blick's prior convictions relied upon by the Court satisfied the requirement of 18 U.S.C. § 924(e) which provides that a defendant must be sentenced as an Armed Career Criminal if he is convicted under 18 U.S.C. § 922(g) and has three or more prior convictions for a violent felony or serious drug offense, or both. "Serious drug offenses" include certain state and federal offenses "for which a maximum term of imprisonment of ten years is prescribed by law." *Id.* at §924(e)(2)(A)(i)-(ii). Violent felonies to be considered, must be "punishable by imprisonment for a term exceeding one year." *Id.* at § 924(e)(2)(B). Blick received a ten year sentence for each of his two 1998 drug convictions. ECF No. 27, Ex. 1 at 5-6. He received a five year sentence in 2005 for his conviction for terroristic threats and acts and possession of a firearm by a convicted felon. *Id.*, p. 6. That the great majority of the sentences were ultimately suspended does not alter the determination that the convictions were qualifying convictions for purpose of the ACCA. The practice prohibited by *Simmons*, consideration of hypothetical enhancements or aggravating factors when determining the maximum penalty associated with a defendant's prior conviction, was absent from Blick's case. Thus, even if the Motion were timely, which it is not, Blick would be entitled to no relief.

Blick's reliance on *Alleyne v. United States*, 233 S.Ct. 2151 (June 17, 2013) to render his

3

motion timely is likewise unavailing. In *Alleyne*, the Court held that any fact that increases the mandatory minimum is an element of the crime that must be found by a jury. *Alleyne*, 133 S.Ct. at 2155. The United States Court of Appeals for the Seventh Circuit has addressed the issue and has ruled that *Alleyne* establishes a new rule of law, but that law was not made retroactively applicable by the Supreme Court to cases on collateral review. *See Simpson v. United States*, __F.3d__, 2013 WL 3455876 (7th Cir. July 10, 2013) (*citing Dodd v. United States*, 545 U.S. 353 (2005) (holding that the declaration of retroactivity must come from the Supreme Court)). The Tenth Circuit also has adopted this position, *see In re Payne*, __F.3d__, 2013 WL 5200425 (September 17, 2013), and district courts in this circuit and others have held similarly. *See e.g. Muhammad v. Purdue*, 2013 WL 4508870; *United States v. Reyes*, 2013 WL 4042508 (E.D.Pa. Aug. 8, 2013); *United States v. Eziolisa*, 2013 WL 3812087 (S.D.Ohio July 22, 2013); *United States v. Stanley*, 2013 WL 3752126 (N.D. Okla. July 16, 2013); *Affolter v. United States*, 2013 WL 3884176 (E.D.Mo. July 26, 2013). Since *Alleyne* has not been found retroactive to proceedings on collateral review, it cannot serve to restart the limitations period. *See* 28 U.S.C. § 2255(f)(3).

The one-year limitation period is subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, ___, 130 S.Ct. 2549, 2560 (2010). A petitioner is entitled to equitable tolling if he demonstrates: 1) that he has been pursuing his rights diligently, and 2) an extraordinary circumstance stood in his way and prevented timely filing. *See id.* at 2562 (*quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Blick has offered no arguments in favor of equitable tolling of the limitations period.

Having concluded that the motion to vacate was filed beyond the statute of limitations, the Court will dismiss the motion as untimely. When dismissal of a motion to vacate is based solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate

4

both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (*quoting Slack v. Daniel,* 529 U.S. 473, 484 (2000)). Based on the foregoing analysis, a certificate of appealability shall not issue.

A separate Order follows.

10/29/13
Date

William D. Quarles, Jr.
United States District Judge